# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DWAYNE DOLLISON, JR., and<br>KENNETH MARTIN DOUGLAS,<br><br>    Defendants. | Case No. 3:18-cr-00066-SLG |

## ORDER REGARDING MOTIONS TO VACATE

Before the Court at Docket 175 is defendant Kenneth Martin Douglas' Motion to Vacate or Set Aside Conviction on Count 5. Also before the Court, at Docket 177, is defendant Dwayne Dollison, Jr.'s Motion to Vacate or Set Aside Conviction on Count 4. The government filed a response in opposition at Docket 181.[1] With leave of the Court, Mr. Douglas filed a reply at Docket 188. Mr. Dollison joined the reply at Docket 200.[2]

Counts 4 and 5 of the First Superseding Indictment in this case allege that the defendants, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms" in violation of 18 U.S.C. § 922(g)(1).[3] Pursuant to the then-applicable Ninth

---

[1] Although the government's response only addresses Mr. Dollison's motion, the Court will construe it to be an opposition to both defendants' nearly identical motions, particularly because Mr. Douglas sought and was granted leave to file a reply to the opposition.

[2] The Court granted Mr. Dollison's motion to join the reply at Docket 203.

[3] Docket 99 at 3–4.

Circuit Model Jury Instructions, the jury was not instructed that the government needed to prove beyond a reasonable doubt that the defendants knew they had the relevant status—being felons—when they possessed firearms.[4]  On June 12, 2019, a jury convicted both defendants of the felon in possession of a firearm charges—Mr. Douglas in Count 5 and Mr. Dollison in Count 4.  On June 21, 2019, the Supreme Court issued its opinion in *Rehaif v. United States*, in which it held that to convict a defendant of 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant status when he possessed it*."[5]

Relying on the statutory change announced in *Rehaif*, the defendants now move the Court to vacate their convictions in Counts 4 and 5 based on lack of jurisdiction and a violation of due process.

## I.    The Court has jurisdiction over Counts 4 and 5

The defendants allege that the Court does not have jurisdiction over Counts 4 and 5 because "the indictment by which [they were] charged failed to disclose the essential elements of the offense."[6]  Specifically, the First Superseding Indictment did not allege that at the time they possessed the firearms, the defendants knew that they had been previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendants contend that because of this missing element, they were "never charged with a violation of federal law, and this court lacks subject-matter jurisdiction"

---

[4] Docket 175 at 4–5; Docket 177 at 4–5; Docket 181 at 2.

[5] 139 S. Ct. 2191, 2194 (2019) (emphasis added).

[6] Docket 175 at 1; Docket 177 at 1.

Case No. 3:18-cr-00066-SLG, *United States v. Dollison and Douglas*
Order re Motions to Vacate
Page 2 of 6

over Counts 4 and 5.[7] The government responds that even though the grand jury was not instructed on the *Rehaif* knowledge element, and even though that knowledge element was not included in the First Superseding Indictment, this does not destroy the Court's subject matter jurisdiction.[8]

"Overwhelming precedent indicates that even if there are defects in the indictment, this does not deprive a court of its power to adjudicate a case."[9] In *United States v. Cotton*, the Supreme Court held that "defects in an indictment do not deprive a court of its power to adjudicate a case."[10] Accordingly, the missing knowledge element in the First Superseding Indictment does not affect the Court's jurisdiction over Counts 4 and 5.

## II. Due process does not require vacating the convictions

The defendants also allege a due process violation, in that the Court did not instruct the jury that to convict the defendants it had to find beyond a reasonable doubt that at the time of the possession of the firearms they knew they had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.[11] The defendants maintain that this jury-instruction error is not harmless because "there was little or no

---

[7] Docket 175 at 3; Docket 177 at 3. The defendants have brought their motions pursuant to Federal Rule of Criminal Procedure 12(b)(2) ("A motion that the court lacks jurisdiction may be made at ay time while the case is pending.").

[8] Docket 181 at 5.

[9] *United States v. Harrison*, No. CR-03-00016-RHW, 2015 WL 13774547, at *1 (E.D. Wash. Dec. 11, 2015).

[10] 535 U.S. 625, 630 (2002) (explaining that in *Lamar v. United States*, 240 U.S. 60 (1916), "the Court rejected the claim that 'the court had no jurisdiction because the indictment does not charge a crime against the United States'" and *United States v. Williams*, 341 U.S. 58, 66 (1951), "held that a ruling 'that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'").

[11] Docket 175 at 4–5; Docket 177 at 4–5.

Case No. 3:18-cr-00066-SLG, *United States v. Dollison and Douglas*
Order re Motions to Vacate
Page 3 of 6

evidence that [they] knew [they] had been convicted of an offense punishable by imprisonment exceeding one year."[12]

The government replies that the harmless error analysis is not applicable because the defendants did not object to the jury instruction during the trial, and thus it is the defendants' plain error "burden to show that if the jury had been instructed on knowledge, there is a reasonable probability [they] would not have been convicted."[13] Alternatively, the government maintains that it produced sufficient evidence of the defendant's knowledge and points to the defendants' stipulations as to their prior felony convictions and the entry of their prior felony judgments and conditions of supervised release into evidence.[14]

An instruction that omits an element of the offense does not necessarily render a trial fundamentally unfair or a verdict unreliable.[15] The Court analyzes the incorrect jury instruction under the plain error standard, which applies to an unpreserved issue "even when an intervening change in the law is the source of the error."[16] The plain error standard allows review when the error affected a defendant's "substantial rights."[17] Even

---

[12] Docket 175 at 5; Docket 177 at 5.

[13] Docket 181 at 7 (citing Federal Rule of Criminal Procedure 52(b) and *United States v. Olano*, 570 U.S. 725, 734 (1993)).

[14] Docket 181 at 8.

[15] *Neder v. United States*, 527 U.S. 1, 9 (1999).

[16] *United States v. Christensen*, 828 F.3d 736, 779 (9th Cir. 2015) (citing *Johnson v. United States*, 520 U.S. 461, 467–68 (1997)).

[17] Fed. R. Crim. P. 53(b).

Case No. 3:18-cr-00066-SLG, *United States v. Dollison and Douglas*
Order re Motions to Vacate
Page 4 of 6

under the more defendant-friendly harmless error standard, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."[18]

The record before the jury included a stipulation by both defendants that they had "prior felony convictions."[19] The jury heard testimony from Travis Steward that a Smith & Wesson firearm found with the defendant had been stolen from his truck in 2017 and that the defendants traveled in a separate vehicle from the firearms.[20] The jury also heard that both defendants were subject to a court order not to possess firearms.[21] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the defendants' prior federal felony judgments.[22] These judgments show that Mr. Douglas was previously sentenced to 96 months in federal prison and Mr. Dollison was previously sentenced to 120 months in federal prison.[23] Thus, the government would need only point to the

---

[18] Fed. R. Crim. P. 52(a).

[19] Docket 166-3 (signed stipulation). *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019) ("That factual stipulation was binding, and it relieved the government of the burden to prove Defendant's status as a felon.").

[20] Docket 209 at 53–57 (under seal); Dockets 209 and 210.

[21] Docket 209 at 61, 62 (under seal).

[22] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *cf. United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that declining to take judicial notice of a prior conviction "would merely be delaying the inevitable" because on a remand for resentencing the government could introduce the prior conviction).

[23] *See* judgments in Case 3:09-CR-00107-04-RRB at Docket 295 (Mr. Douglas) and in case 3:09-CR-00107-01-RRB at Docket 315 (Mr. Dollison). Also in the record before the Court are the presentence reports in this case, which confirm that the defendants' sentences were later reduced—Mr. Douglas' to 80 months in federal prison and Mr. Dollison's to 96 months in federal prison.

Case No. 3:18-cr-00066-SLG, *United States v. Dollison and Douglas*
Order re Motions to Vacate
Page 5 of 6

judgments to show that the defendants knew they had been convicted of crimes punishable by imprisonment for a term exceeding one year because they each served significantly longer than a year in prison for those crimes: "[T]he receipt of such sentences would certainly have made clear to [the defendants] the fact that [their] offenses were punishable by more than a year in prison."[24]

There is sufficient evidence in the record to demonstrate that the jury's verdict would have been the same even if they were instructed pursuant to *Rehaif*. Thus, although "the absence of an instruction requiring the jury to find that Defendant knew he was a felon was clear error under *Rehaif*,"[25] the error did not affect the defendants' substantial rights under either the plain error or harmless error standard.

In light of the foregoing, IT IS ORDERED that Mr. Douglas's Motion to Vacate or Set Aside Conviction on Count 5 at Docket 175 is denied. Mr. Dollison's Motion to Vacate or Set Aside Conviction on Count 4 at Docket 177 is denied.

DATED this 31st day of October, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[24] *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (considering a post-*Rehaif* appeal from a guilty plea to a felon in possession charge); *see also Benamor*, 937 F.3d at 1189 (in a post-*Rehaif* appeal, the fact that the defendant had "spent more than nine years in prison on his various felony convictions before his arrest for possessing the shotgun" was evidence of his knowledge of his prior felony convictions).

[25] *Benamor*, 937 F.3d at 1188.

Case No. 3:18-cr-00066-SLG, *United States v. Dollison and Douglas*
Order re Motions to Vacate
Page 6 of 6